**SO ORDERED.**

**DONE and SIGNED December 9, 2013.**



_____
**STEPHEN V. CALLAWAY**
**UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| In re: | Case No. 13-10640 |
| AKAAL Lodging, LLC, | Chapter 11 |
| _Debtor._ | Judge Stephen V. Callaway |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF
ORDER CONFIRMING CHAPTER 11 PLAN OF REORGANIZATION OF AKAAL
LODGING, LLC DATED AUGUST 16, 2013 AND AS IMMATERIALLY MODIFIED ON
SEPTEMBER 23 AND NOVEMBER 15, 2013**

The Court held the hearing to consider Confirmation of the _Chapter 11 Plan of Reorganization of AKAAL Lodging, LLC Dated August 16, 2013 and as Immaterially Modified on September 23 and November 15, 2013_ (the "Plan")[1] (Doc. #224-2) filed by the debtor-in-possession, AKAAL Lodging, LLC ("AKAAL"), on Monday, November 18, 2013 at 10:00 a.m. C.S.T.

_____
[1]     A capitalized term used herein, but not specifically defined, shall have the meaning ascribed to such term in the Plan.

Appearing at the Confirmation Hearing on behalf of the interested parties were: (a) Ryan J. Richmond on behalf of AKAAL; (b) Michael A. Crawford on behalf of City Bank; (c) William McNew on behalf of Community Trust Bank ("CTB"); and (d) Frances Hewitt on behalf of the Office of the United States Trustee (the "U.S. Trustee"). Jagtar "Jay" Otal ("Otal"),[2] Steve D. French ("French")[3] and Jayesh C. Mehta ("Mehta")[4] were also present in open court during the Hearing.

In support of Confirmation of the Plan, Mr. Richmond proffered the testimony of Otal, French and Mehta. Hearing no objection to the proffered testimony, the Court accepted the proffered testimony of Otal, French and Mehta. Further, Mr. Richmond also sought to introduce and admit in evidence the following exhibits:

| Exhibit No. | Description |
|---|---|
| 1 | Resume of Jayesh C. Mehta |
| 2 | Resume of Steven D. French |
| 3 | STAR Report dated October 17, 2013 prepared by Smith Travel Research, Inc. |

(collectively, the "Confirmation Exhibits"). No party-in-interest objected to the introduction and admission in evidence of the Confirmation Exhibits. Accordingly, the Court admitted the Confirmation Exhibits in evidence. Mr. Richmond also requested the introduction and admission of the docket maintained in the Chapter 11 Case by the Clerk of Court, including all pleadings and other documents filed, all orders entered and all evidence and arguments made, proffered or

---

[2] Otal is the managing member of AKAAL.

[3] French is the vice president of operations of Southern Host Lodging, Inc. ("SHL"), which is the entity that manages AKAAL and several related hotel establishments.

[4] Mehta is the financial and accounting coordinator for SHL. Mehta and French oversee the finances and operations of AKAAL.

adduced at hearings held before the Court in the Chapter 11 Case. No party-in-interest objected to the introduction and admission in evidence of the docket and record of the Chapter 11 Case. Accordingly, the Court admitted the docket and record of the Chapter 11 Case in evidence as Exhibit 4.

Upon consideration of the foregoing, the record of this case, and applicable law, and for oral reasons assigned in open Court on Monday, November 18, 2013, the Court determined to Confirm the Plan. The Court issues these *Findings of Fact and Conclusions of Law in Support of Order Confirming the Chapter 11 Plan of Reorganization of AKAAL Lodging, LLC Dated August 16, 2013 and as Immaterially Modified on September 23 and November 15, 2013* (these "Findings and Conclusions") to supplement the oral findings made in open court. Accordingly, the Court finds and concludes as follows:

1.      **Jurisdiction and Venue**. This Court has jurisdiction over the Chapter 11 Case and the Confirmation Hearing pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan and the issues raised thereby are "core" proceedings under 28 U.S.C. § 157(b)(2) and applicable case law.

2.      **Judicial Notice**. This Court takes judicial notice of the docket maintained in the Chapter 11 Case by the Clerk of Court, including all pleadings and other documents filed, all orders entered and all evidence and arguments made, proffered or adduced at hearings held before this Court in the Chapter 11 Case.

3.      **Notice**. The Disclosure Statement and the Plan were transmitted and served in compliance with the Bankruptcy Rules and this Court's orders, and service thereof was adequate and sufficient to satisfy due process. All parties, including those taxing authorities, attorneys general, and other governmental units entitled to notice of the hearing to consider Confirmation

3

of the Plan and the deadline for submitting Ballots and filing and serving objections to Confirmation of the Plan, received adequate notice of the Plan and the Confirmation Hearing in accordance with the Bankruptcy Rules and have had an ample opportunity to appear and be heard with respect thereto. No other or further notice is necessary or required.

4. **Compliance with the Applicable Provisions of the Bankruptcy Code.** As set forth below, AKAAL has met its burden of proving the elements required under the Bankruptcy Code for Confirmation of the Plan by a preponderance of the evidence.

5. **The Plan Complies with Section 1129(a)(1).** The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(1).

6. **Proper Classification of Claims and Equity Interests.** The Plan designates four (4) Classes of Claims and Equity Interests. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate among Holders of Claims or Equity Interests. Thus, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

7. **Specification of Unimpaired Classes.** All Classes of Claims and Equity Interests are Impaired under the Plan. Thus, 11 U.S.C. § 1123(a)(2) is not applicable.

8. **Specification of Treatment of Impaired Classes.** Article III of the Plan designates Classes 1, 2, 3 and 4 as Impaired. The Plan specifies the treatment of Claims and Equity Interests in those Classes. Thus, 11 U.S.C. § 1123(a)(3) is satisfied.

9. **Equal Treatment Within Classes.** The Plan provides for the same treatment for each Claim or Equity Interests in a particular Class unless the Holder of a particular Claim or

4

Equity Interests in such Class has agreed to a less favorable treatment of its Claim or Equity Interests, thereby satisfying 11 U.S.C. § 1123(a)(4).

10.     **Implementation of Plan**. The Plan provides for the same treatment for each Claim or Equity Interests in a particular Class unless the Holder of a particular Claim or Equity Interests in such Class has agreed to a less favorable treatment of its Claim or Equity Interests, thereby satisfying 11 U.S.C. § 1123(a)(4).

11.     **Non-Voting Securities**. The Plan provides for the cancellation of all Old Equity Interests and the issuance of New Equity Interests, all of which shall be voting shares or interests. Therefore, 11 U.S.C. § 1123(a)(6) is satisfied.

12.     **Selection of Officers and Directors**. The Plan provides, as of the Effective Date, any and all remaining directors, officers and managers of AKAAL shall be deemed to have resigned and Reorganized AKAAL's managing member will be Otal. Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1123(a)(7).

13.     **Rule 3016(a)**. The Plan is dated and identifies the entity submitting it. Thus, FED. R. BANKR. P. 3016(a) is satisfied.

14.     **Additional Plan Provisions**. The provisions of the Plan are appropriate and not inconsistent with all other applicable provisions of the Bankruptcy Code.

15.     **The Plan Complies with § 1129(a)(2)**. AKAAL has complied with the applicable provisions of the Bankruptcy Code. Thus, 11 U.S.C. § 1129(a)(2) is satisfied.

16.     **Proper Debtor and Plan proponents**. AKAAL is the proper debtor pursuant to 11 U.S.C. § 109 and the proper proponent of the Plan pursuant to 11 U.S.C. § 1121(c).

5

17. **Compliance With Applicable Bankruptcy Code Provisions**. AKAAL has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court.

18. **Compliance With Solicitation Requirements**. AKAAL has complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in transmitting the solicitation materials and in soliciting and tabulating votes on the Plan.

19. **Plan Proposed in Good Faith**. AKAAL has proposed the Plan in good faith and not by any means forbidden by law. As such, 11 U.S.C. § 1129(a)(3) is satisfied. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the arms-length negotiation related to the formulation of the Plan. The Chapter 11 Case was filed and the Plan was proposed with the legitimate and honest purposes of reorganizing AKAAL and expeditiously making distributions to Creditors. The Plan reflects the results of these negotiations and is reflective of the interests of all of AKAAL's Estate's constituencies.

20. **Payments for Services or Costs and Expenses**. Except as otherwise provided or permitted by the Plan, any payment made or to be made by AKAAL for services or for costs and expenses in or in connection with Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying 11 U.S.C. § 1129(a)(4).

21. **Directors, Officers, and Insiders**. AKAAL has complied with 11 U.S.C. § 1129(a)(5). As the Plan contemplates the reorganization of AKAAL, all directors, managers and officers of AKAAL will be deemed to have resigned as of the Effective Date and the new managing member of Reorganized AKAAL will be put in place as set forth above. Further,

6

based upon the record of the Chapter 11 Case, sufficient cause exists for Reorganized AKAAL to be authorized to issue the New Equity Interests in accordance with the Plan, without further approvals by the Court.

22.     **No Rate Changes**. The Plan does not propose any rate changes that are subject to governmental regulation. Thus, 11 U.S.C. § 1129(a)(6) is not applicable and is deemed satisfied.

23.     **Best Interests of Creditors**. The Plan satisfies 11 U.S.C. § 1129(a)(7) as each Holder of a Claim or Equity Interest in an Impaired Class either has Accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interests, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if AKAAL was liquidated under Chapter 7 of the Bankruptcy Code. As set forth below, the Court finds and concludes that the liquidation value under Chapter 7 of the Bankruptcy Code would result in no distributions to or recovery on behalf of any Holder of an Unsecured Claim.

24.     **Treatment of Administrative Claims**. The Plan's treatment of Allowed Administrative Expense Claims satisfies the requirements of 11 U.S.C. § 1129(a)(9). Except to the extent any Entity entitled to payment of any Allowed Administrative Expense Claim agrees to a different treatment, the Plan provides that each Holder of an Allowed Administrative Expense Claim will receive Cash in an amount equal to such Allowed Administrative Expense Claim on the later of (A) the Effective Date or (B) the first Periodic Distribution Date after such Administrative Expense Claim becomes payable pursuant to (i) any agreement between AKAAL and the Holder of such Administrative Expense Claim or (ii) by Final Order. These Administrative Expense Claims include claims for AKAAL's attorney's fees and U.S. Trustee's fees.

7

25.     **Acceptance of at Least One Impaired Class**. The Plan satisfies 11 U.S.C. §1129(a)(10). As evidenced by the Ballot Tabulation, City submitted a Ballot in connection with its Class 1 Claim, and voted to accept the Plan. Thus, at least one of the Impaired Classes of Claims with the right to vote to accept or reject the Plan has voted to accept the Plan and has accepted the Plan in requisite numbers and amounts without the need to include any acceptance of the Plan by any insider.

26.     **Feasibility**. The Plan satisfies 11 U.S.C. § 1129(a)(11). The proffered testimony of Otal, French and Mehta demonstrated that Confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization. Thus, the Plan presents a workable framework of reorganization and there is a reasonable probability that the provisions of the Plan will be performed. The Plan is found and determined to be feasible.

27.     **Payment of Certain Fees**. All fees payable on or before the Effective Date under 28 U.S.C. § 1930 either have been paid or will be paid on the Effective Date. Accordingly, the Plan satisfies 11 U.S.C. § 1129(a)(12).

28.     **Principal Purpose**. The principal purpose of the Plan is neither the avoidance of taxes nor of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e, *et seq*. The Plan, therefore, satisfies the requirements of 11 U.S.C. § 1129(d).

29.     **Good Faith Solicitation**. Based upon the record before the Court, AKAAL and its respective officers, directors, managers, members, affiliates, associates, employees, agents, attorneys, accountants, and other professionals have acted in good faith with respect to, and in compliance with, applicable provisions of the Bankruptcy Code in soliciting votes on the Plan and such solicitation is hereby determined to have been in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the foregoing are entitled to the protections

afforded by 11 U.S.C. § 1125(e) and the exculpatory protections set forth in Article XIII of the Plan. The Court also finds and concludes that AKAAL, CTB and City Bank, through respective counsel, negotiated in good faith a resolution to CTB's objection to the First Modified Plan.

30.     **Exculpation and Releases**. The Disclosure Statement, the Plan, and the record of the Chapter 11 Case, including the evidence admitted into the record and the proffered testimony at the Confirmation Hearing, are sufficient to support the exculpations provided for in the Plan and the releases provided for in the Plan. Such exculpations and releases are fair and reasonable.

31.     **Satisfaction of Confirmation Requirements**. The Plan satisfies all requirements for confirmation set forth in 11 U.S.C. § 1129(a) and (b).

32.     **Retention of Jurisdiction**. The Court finds and concludes that it may properly retain jurisdiction over, *inter alia*, the matters set forth in Article XI of the Plan.

33.     **Immaterial Modifications**. The modification of the First Modified Plan is an immaterial modification within the purview of 11 U.S.C. § 1127 and applicable case law. Thus, the votes of Creditors and Holders of Old Equity Interests for the First Modified Plan constitute the votes of Creditors and Holders of Old Equity Interests for the Plan.

34.     **Objection to Confirmation**. CTB and the U.S. Trustee objected to the First Modified Plan. However, after reviewing the objections to Confirmation and based upon the representations of counsel at the Confirmation Hearing, these objections were withdrawn. Thus, based upon the record of the Chapter 11 Case, including the evidence admitted and the testimony proffered at the Confirmation Hearing, and for reasons orally set forth by the Court in open court at the Confirmation Hearing and in these Findings and Conclusions, the Objection to Confirmation were **OVERRULED** and **DENIED**.

9

35.     **Cramdown**. The Plan does not discriminate unfairly, and is fair and equitable, with respect to Holders of Allowed Class 2 Claims. Thus, the Plan complies with 11 U.S.C. § 1129(b)(2)(B) with respect to Holders of Allowed Class 2 Claims.

36.     **Value**. The Court finds and concludes that AKAAL's hotel establishment is presently worth $2.875 million.

37.     The Court has independently reviewed these Findings and Conclusions and has determined that they should be issued as the ruling of the Court as Findings and Conclusions that supplement the Plan.

38.     Sufficient cause exists to abrogate the stay of the effect of the Confirmation Order in accordance with FED. R. BANKR. P. 3020(e).

39.     The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052, made applicable to this proceeding pursuant to FED. R. BANKR. P. 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

### # # #

Submitted by:

**STEWART ROBBINS & BROWN, LLC**

By: /s/ Ryan J. Richmond
P. Douglas Stewart, Jr. (La. Bar No. 24661)
Brandon A. Brown (La. Bar No. 25592)
Ryan J. Richmond (La. Bar No. 30688)
620 Florida Street, Suite 100
Baton Rouge, LA 70801-1741
Telephone: (225) 231-9998
Facsimile: (225) 709-9467
E-mail: dstewart@stewartrobbins.com
E-mail: bbrown@stewartrobbins.com

E-mail: rrichmond@stewartrobbins.com

*Attorneys for AKAAL Lodging, LLC*

11